UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

DERRICK NEWMAN,

    Plaintiff,

v.

OFFICER ADEKOYA,
OFFICER WALLACE and
OFFICER SHOY,

    Defendants.

Civil Action No. TDC-18-0139

## MEMORANDUM OPINION

Plaintiff Derrick Lamont Newman, an inmate at the Western Correctional Institution ("WCI") in Cumberland, Maryland, has filed a Complaint alleging that prison officials at the Brockbridge Correctional Facility ("BCF"), where he was previously housed, assaulted him and used excessive force against him. Defendants Officers Nigel Shoy and Brandon Wallace (collectively, "Defendants") have responded by filing the pending Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Although he was advised of his right to respond to the Motion, Newman has not filed a memorandum in opposition to the Motion. Having reviewed the Complaint and submitted materials, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be granted. All claims against Officer Adekoya, who has yet to be served, will be dismissed.

### BACKGROUND

On February 20, 2017 at 9:00 a.m., Newman was involved in a physical altercation with Adekoya. According to Newman, Adekoya subdued him, then "choked, kicked, and punched"

him excessively. Compl. 1, ECF No. 1. After Newman was down and handcuffed, Shoy and Wallace attacked him and used mace on him. Newman was taken to the medical department where his injuries were examined. Later that day, he was transferred to WCI. As a result of this incident, Newman continues to have injuries on the left side of his head and neck, and his left eye constantly twitches from nerve damage.

In their Motion, Defendants provide a different account. They assert that on February 20, 2017, Correctional Officer Tony Hendricks sent Newman from the second floor of BCF back to the first floor because he had been out of bounds. When Adekoya, Shoy, and Wallace later entered Newman's dormitory to inform inmates that it was time for sick call, Newman asked Adekoya why he was not allowed to go to the second floor. When Adekoya reminded Newman that he had been sent back from the second floor by Hendricks, Newman responded by striking Adekoya in the face repeatedly with closed fists. Shoy, Wallace, and other correctional officers came to assist and tried to handcuff Newman to move him to another location, but he resisted. After Newman was pulled from the dormitory into the hallway, he continued to resist the officers and ignored their commands, prompting Shoy to apply one burst of OC spray to Newman's face, which gave Wallace the opportunity to handcuff Newman.

Wallace and another correctional officer then escorted Newman to the medical unit. He was photographed, and his eyes were rinsed with running water. No other injuries were noted. Newman was then escorted to administrative segregation pending his transfer later that day to WCI.

Newman was issued a notice of inmate rule infraction for assaulting Adekoya, who pressed criminal charges against Newman. Newman later pleaded guilty in District Court of Maryland for

Anne Arundel County to second-degree assault in connection with this incident. *See State v. Newman*, No. D-07-CR-17-003532 (2017).

According to Newman, he filed an Administrative Remedy Procedure grievance ("ARP") regarding the incident but received no response. He notes that he "was shipped out of the jail the same day I wrote it up down there." Am. Compl. 2, ECF No. 4. With their Motion, Defendants have submitted a verified copy of Newman's individual ARP index report showing that from March 19, 2018 forward, Newman did not file an ARP at WCI about this incident. Defendants have also submitted a declaration from an Administrative Officer of the Inmate Grievance Office ("IGO") stating that Newman has never filed any appealed any ARPs to, or filed any grievances with, the IGO.

## DISCUSSION

In their Motion, Defendants seek dismissal of the Complaint under Federal Rule of Civil Procedure 12(b)(6) or summary judgment in their favor under Rule 56 on several grounds, including Newman's failure to exhaust administrative remedies. Because the Court finds that Newman did not exhaust administrative remedies, it need not address the remaining arguments.

**I.  Legal Standards**

To defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual

allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

When a moving party submits affidavits or other evidence for the Court's consideration on a motion to dismiss, the Court ordinarily may not consider such materials unless the motion is treated as one for summary judgment. Fed. R. Civ. P. 12(d). Before converting a motion to dismiss to one for summary judgment, courts must give the nonmoving party "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* "Reasonable opportunity" has two requirements: (1) the nonmoving party must have some notice that the court is treating the Rule 12(b)(6) motion as a motion for summary judgment, and (2) the nonmoving party "must be afforded a reasonable opportunity for discovery" to obtain information essential to oppose the motion. *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). Here, the notice requirement has been satisfied by the title of the Motion. To show that a reasonable opportunity for discovery has not been afforded, the nonmoving party must, through an affidavit or declaration under Rule 56(d) or by some other means, explain why "for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d); *see Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244-45 (4th Cir. 2002). Here, Newman has not filed a Rule 56(d) affidavit or otherwise requested discovery in this matter. Under these circumstances, the Court will construe Defendants' Motion as a Motion for Summary Judgment.

Under Federal Rule of Civil Procedure 56, the Court grants summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing the Motion, the Court views the facts in the light most favorable to the nonmoving party, with all justifiable inferences drawn in its favor. *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court may rely only on facts supported in the record, not simply assertions in the pleadings. *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Id.* at 248–49.

## II. Exhaustion of Administrative Remedies

Defendants assert the affirmative defense that Newman has failed to exhaust his administrative remedies. Under the Prison Litigation Reform Act, 42 U.S.C. § 1197e(a) (2012):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id.* Inmates must exhaust administrative remedies before they bring any "suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Exhaustion is mandatory and generally may not be excused unless the administrative procedure is not available. *See Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) (holding that an inmate "must exhaust available remedies, but need not exhaust unavailable ones"). "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). In *Ross*, the United States Supreme Court identified three circumstances when an administrative remedy is unavailable: when (1) officers are "unable or consistently unwilling to provide relief to aggrieved inmates," (2) the procedure is "so opaque that it becomes, practically speaking,

incapable of use," or (3) prison administrators actively "thwart" inmates from filing grievances. *Ross,* 136 S. Ct. at 1859–60.

In Maryland prisons, for the type of grievance asserted by Newman, the Administrative Remedy Procedure is the administrative process that must be exhausted. Md. Code Regs. § 12.02.28.02(B)(1), (D) (2018). First, a prisoner must file an ARP with the warden within 30 days of the incident at issue. Md. Code Regs. § 12.02.28.05(D)(1) (requiring filing with the "managing official"); Md. Code Regs. § 12.02.28.02(B)(14) (defining "managing official" as "the warden or other individual responsible for management of the correctional facility"); Md. Code Regs. § 12.02.28.09(B) (setting the 30-day deadline). Second, if the ARP is denied, or the inmate does not receive a timely response, a prisoner must file an appeal with the Commissioner of Correction within 30 days. Md. Code Regs.§ 12.02.28.14(B)(5). If the appeal is denied, the prisoner must appeal within 30 days to the IGO. *See* Md. Code. Ann., Corr. Servs. §§ 10-206, 10-210 (West 2002); Md. Code Regs. § 12.07.01.05(B). Inmates may seek judicial review of the IGO's final determinations in a Maryland Circuit Court. *See* Md. Code Ann., Corr. Servs. § 10-210(a).

Here, Defendants have established that Newman did not exhaust administrative remedies before initiating this suit. Although Newman has asserted that he submitted an ARP relating to the incident while he was still housed at BCF, he was nevertheless required under the applicable ARP procedures to file an appeal to the Commissioner and then to the IGO. Based on a declaration from an IGO official, the record establishes, and Newman does not dispute, that Newman did not complete the ARP process by pursuing his grievance up to the IGO. Although Newman has stated that he did not receive a timely response to the ARP, and that he was transferred immediately to WCI immediately after the incident, he has not asserted facts that would support a claim that

administrative remedies were unavailable to him for any of the reasons identified in *Ross*. After his transfer to WCI, he could have filed or refiled his ARP there.

Because exhaustion must be completed through each phase of the administrative process but Newman failed to do so, the Court will grant the Motion and dismiss the Complaint for failure to exhaust administrative remedies.

## III. Defendant Adekoya

BCF did not accept service on behalf of Defendant Adekoya. Had service been effected, however, Adekoya would also be entitled to dismissal of the case based on Newman's failure to exhaust administrative remedies. Accordingly, the Complaint against Adekoya will be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, will be GRANTED, and the claims against Defendants Officers Shoy and Wallace will be dismissed. All claims against Defendant Adekoya will be dismissed without prejudice. A separate Order shall issue.

Date: February 26, 2019

THEODORE D. CHUANG
United States District Judge